IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.  CIVIL ACTION NO. 2:02cv28–KS
ORIGINAL CRIMINAL NO. 2:98cr5-KS-JMR

HAROLD DAMPER

### ORDER

This cause is before the Court on [143] Motion to Modify Term of Imprisonment filed by Movant, Harold Damper, [144] Response In Opposition Thereto filed by the United States of America and [145] Reply filed by Harold Damper.  There appears as an unresolved motion on the motion list, a [109] Motion to Vacate filed by Petitioner on February 12, 2002, with response thereto on July 12, 2002, and reply to the response on September 6, 2002.  These motions are incorrectly on the motions list, as they have all been ruled on by an order issued by Judge Charles Pickering, Sr., that was filed May 19, 2004.  The only motion currently pending before this Court is the [143] Motion to Modify Term of Imprisonment. This Court after thoroughly reviewing the motion, response and reply and the applicable authorities, finds that the Motion should be **overruled** as hereinafter set forth.

Petitioner was convicted on February 4, 1999, of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. 841(a)(1).  The Petitioner argues that since there was no amount of cocaine specified in the statute, that the Court used improper enhancements and violated the United States sentencing guidelines ("U.S.S.G.")  His argument is that since there was no amount charged that relevant conduct cannot be used for sentencing.

1

The presentence report attributes the total of 85.71 kilograms of crack cocaine to Petitioner based on the relevant conduct for purposes of sentencing. There were enhancements for relevant conduct, which brought the potential sentence of Petitioner up to life in prison.

Amendment 591 to the U.S.S.G. in no way affects the applicability of § 1B1.3, which calls for the Court to take all relevant conduct relating to the offense of conviction into account for sentencing. It is not necessary that the defendant be convicted of a specific amount. All that was necessary was for the government to establish that he engaged in conduct described within the specific guideline. The Court properly took into account all of the relevant conduct in calculating the sentencing guidelines and applicable sentencing range and an appropriate sentence.

On May 27, 2005, Petitioner filed a Supplement to his 2255 Motion to Vacate, Set Aside or Correct Sentence. In this supplement he raised *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Unites States v. Booker,* 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005). However, the Fifth Circuit has clearly stated that the *Booker* decision is not retroactive. In Re *Elwood*, 408 F.3d 211, 213.

FOR THE ABOVE REASONS, this Court finds that the [143] Motion to Modify Term of Imprisonment, etc., be and the same is hereby **denied.**

SO ORDERED AND ADJUDGED on this, the 28th day of March, 2006.

                         s/ *Keith Starrett*
                         UNITED STATES DISTRICT JUDGE