IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HAROLD DAMPER

VS.　　　　　　　　　　　　　　　　　　　　　CIVIL CASE NO. 2:02cv28-KS
　　　　　　　　　　　　　　　ORIGINAL CRIMINAL CASE NO. 2:98-cr5-KS

UNITED STATES OF AMERICA

ORDER

This cause is before the Court on Motion by Harold Damper to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed pursuant to Title 28 United States Code § 2255.  On May 4, 1999, a Judgment of a conviction for possession with intent to distribute cocaine base was entered against petitioner.  The motion was referred to the United Magistrate Judge, who required the Government to respond. Because of a transition of judges, a Proposed Findings of Fact and Recommendations for disposition was not filed and this Court is entering its order based on the petition and response filed by the Government. This Court has considered said pleadings and relevant legal authority and the transcript of both the trial and sentencing of petitioner.  The Court finds that the § 2255 motion should be **granted in part and denied in part** for the reasons hereinafter set forth.

PROCEDURAL HISTORY

On March 11, 1998, Harold and Dewayne Damper were named in a two count criminal indictment.  Count One of the indictment charged conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. Count Two charged possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  Neither count of the

1

indictment alleged an amount of the controlled substances. On January 29, 1999, the Government filed an information pursuant to 21 U.S.C. § 851 stating the petitioner's previous controlled substance convictions for purposes of enhancement. Defendant did not respond to the sentence enhancement information. Since that time the Defendant has admitted the prior conviction. In the sentencing scheme provided for under § 841(a)(1) the statutory maximum is twenty years incarceration unless there is a prior conviction and if that is the case, then the statutory maximum increases to thirty years. As a result of the prior drug conviction of petitioner, the statutory maximum for a violation of § 841(a)(1) is thirty years incarceration.

Petitioner was acquitted of the conspiracy charge but convicted as to Count Two, Possession to Distribute Cocaine Base. Judge Charles Pickering, after a lengthy sentencing hearing addressing numerous objections by Petitioner's attorney, sentenced the Defendant to 360 months imprisonment, eight years supervised release, a fine of $4,500.00 and a mandatory assessment in the amount of $100.00. The Judgment of Conviction was entered May 4, 1999, and Defendant appealed and on March 4, 2000, the Fifth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *United States v. Damper*, 99-60291 (5th Cir. Mar. 14, 2000). Defendant's Petition for Rehearing was denied on April 18, 2000, and Defendant's Petition for *Writ of Certiorari* to the United States Supreme Court was denied March 5, 2001. *Damper v. United States*, 532 U.S. 907, 121 S. Ct. 1233, 149 L. Ed. 2d 142 (2001)(Mem).

On February 12, 2002, the Defendant filed his 2255 motion alleging five grounds as follows:

1. That the District Court committed prejudicial *Apprendi* error when it sentenced Petitioner beyond § 841(b)(1)(C) statutory maximum.

2. That Petitioner should have been sentenced to the maximum authorized guidelines sentence.

3. Because of the disproportionate impact of the District Court's "relevant conduct" calculations, the Court should have used the "clear and convincing" standard.

4. That Counsel's failure to raise meritorious issues at sentencing and on appeal constitutes ineffective assistance of counsel.

5. That Grounds one, two, three, and four were not presented due to counsel's ineffective assistance.

Thus, Defendant contends that his conviction and sentence are in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 433 (2000). Additionally, Petitioner contends that the absence of an alleged "drug amount" renders the indictment defective and deprives the Court of subject matter jurisdiction.

## DISCUSSION

Crucial to the decision in this case is the fact that *Apprendi* was not decided until June 25, 2000, at a time when Petitioner's conviction was on appeal to the Fifth Circuit. In *Apprendi* the Court held: "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S. Ct. 2348. In the wake of *Apprendi*, the Fifth Circuit has held that drug quantities triggering increased penalties under 21 U.S.C. § 841 must be submitted to a jury and charged in the indictment. *United States v. Doggett*, 230 F. 3d 160, 164-165 (5th Cir. 2000).

## JURISDICTIONAL DEFECT IN THE INDICTMENT

Defendant argues that the failure of the indictment to allege a drug amount constitutes a jurisdictional defect and, therefore, the District Court was without subject matter jurisdiction. On May 20, 2002, the United States Supreme Court decided *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002). In *Cotton* the Court held that "a defective indictment does not deprive a court of jurisdiction" and rejected the proposition that an *Apprendi* error stemming from the absence of a drug quantity in an indictment constitutes a jurisdictional error. See also *United States v. Longoria*, Nos. 00-50405, 00-50406, 2002 W.L. 1491 784 (5th Cir. July 12, 2002). Thus, any suggestion by the Defendant that this Court lacked subject matter jurisdiction on the basis of failure of the indictment to include a drug amount is without merit.

## APPLICATION OF *APPRENDI*

In its response the Government concedes that "where the indictment does not allege the specific amount of drugs and the jury does not expressly find it, the 'default provisions' of 21 U.S.C. § 841(b)(1)(C) applies." According to the Government, "since Damper's sentence did not exceed 360 months *Apprendi* was not violated." However, the Government is only partially correct. Applying the "default" sentencing provisions as the Government suggests, results in an *Apprendi* error.

Defendant was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1). Since the indictment did not allege a drug amount, the maximum statutory penalty is found under 21 U.S.C. § 841(b)(1)(C): 20 years (240 months) imprisonment. Additionally, Defendant was subject to the statutory enhancement for conviction of a prior drug offense. Statutory enhancement for a prior drug offense conviction need not be alleged in the indictment or submitted to the jury. *Apprendi,* at 490, 120 S. Ct. 2362-63, *Almendarez-Torres v.*

*United States*, 523 U.S. 224, 230 118 S. Ct. 1219 140 L. Ed. 2d 35 (1998); *United States v. Doggett, 230* F. 3d 166 (5th Cir. 2000).  Thus, Defendant's maximum statutory exposure under said section was thirty years imprisonment.  Defendant's sentence of imprisonment did not exceed the statutory maximum and therefore *Apprendi* does not apply. Likewise, the amount of the fine was within the statutory maximum. However, Defendant was sentenced to a supervised release term of eight years. The mandatory term of supervised release under § 841(b)(1)(C) is six years.  At the time of Defendant's sentencing *Apprendi* and *Doggett* had not been decided. Defendant's sentence to an eight year term of supervised release exceeds the maximum term and constitutes a technical violation of *Apprendi*, which should be corrected and is hereby ordered corrected by the Court.

<u>PETITIONER'S ALLEGATION THAT THE SENTENCE EXCEEDED THE
AUTHORIZED GUIDELINES SENTENCE</u>

Petitioner argues that since the guideline enhancements are improper as a result of the amount not being charged in the indictment, that the maximum base level of the offense was twelve and not thirty eight as determined by the District Court.  Petitioner seeks to restrict the sentencing judge to an environment that ignored all of the enhancements to the base offense level.  At the sentencing there were numerous objections that were ruled on by the sentencing judge and findings made that justified the increase to a base offense level of thirty eight. Petitioner almost seems to say that the calculations under the guidelines should be ignored unless they are being determined in his favor.  Judge Pickering found that the sentencing range, based on the applicable guidelines, would be thirty years to life.  If sentencing guidelines are not used, the maximum sentence is thirty years, if sufficient reasons are stated by the sentencing judge for

imposing the maximum sentence. There were a number of reasons found at the sentencing hearing that would justify imposition of the maximum sentence.  The Petitioner cannot have it both ways. Either he will accept the guidelines and its calculations, which provide for a sentence of thirty years to life, or the guidelines are not used and the judge has the discretion to sentence to anything up to the statutory maximum.

### THE REQUEST TO USE CLEAR AND CONVINCING STANDARD

At sentencing Judge Pickering advised the Defendant very clearly that any objections to the pre-sentence report that was not raised, would be waived.  There was an admission of the prior conviction. This proposition by the petitioner is without merit.  No circuit, other than the Ninth Circuit, appears to have adopted this theory. It was implicitly rejected by the Fifth Circuit in *United States v. Meshack*, 225 F. 3d 556 (5th Cir. 2000).  The Fifth Circuit noted that "the *Apprendi* majority expressly declined to reverse an earlier opinion allowing a judge to determine by a preponderance when an enhancement should apply..." Id.  (Citing *Apprendi* 120 S. Ct. at 2361 N. 13, discussing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986)).

### INEFFECTIVE ASSISTANCE OF COUNSEL

The Defendant alleges ineffective assistance of counsel at both the trial and appellate level.  The Defendant's burden on an ineffective assistance of counsel claim is high. *United States v. Kinzey*, 917 F. 2d 181, 183 (5th Cir. 1990)(Citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)).  Faithful adherence to the *Strickland* standard requires the Court to engage in a "strong" presumption that counsel's conduct falls within the wide range of reasonable, professional competence and every effort must be made to eliminate the distorting effects of hindsight.  *Apprendi* and *Jordan* were both decided after the Fifth Circuit's ruling on the

Defendant's appeal and when counsel was no longer representing the Defendant. This Court has reviewed both the trial transcript and the sentencing transcript and counsel vigorously represented his client. He cannot be found to be ineffective for failing to raise arguments that did not exists at the time of the trial.

CONCLUSION AND ORDER

This Court finds that the petition should be **granted in part and denied in part. It is granted in that the period of supervised release of Petitioner is hereby modified from eight (8) years to six (6) years. The balance of the Court's order is affirmed.**

SO ORDERED AND ADJUDGED on this, the 11th day of July, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE